## Bender et al. *versus* Fleurie.

1. A devise of real estate to a person, and that "she shall have it as her own during her life, and then it is to come to the heirs of her body for their own use," creates an estate tail.

2. The phrase "heirs of her body," are words of limitation, when they are used with reference to the issue of a devisee, to whom a life estate is given.

ERROR to the Court of Common Pleas of *Perry county.*

This was an action of ejectment for two hundred and ten acres of land in Oliver and Juniata townships. Both parties claimed under the will of Frederick Rider, deceased, the material part of which is as follows: "And I give and bequeath unto my beloved daughter Rosena, the plantation that she now lives upon, in Sherman's Valley, in the county of Cumberland, and she shall have it as her own during her life, and then it is to come to the heirs of her body for their own use," and the construction of which forms the subject of the decision in this case.

The court, GRAHAM, J., decided as follows: "This is an estate tail under the rule in *Shelly's case.* Without referring to the numerous authorities cited by counsel, the cases of *George* v. *Morgan,* 4 Harris, 95, and *Hileman* v. *Bouslaugh,* 1 Harris, 344, rule the present case. The deed from Rosena Fleurie, formerly Rider, the devisee, vested in defendant an estate in fee simple, and as the oldest son and heir-at-law of the tenant in tail, he has an estate tail and valid title against the plaintiffs in either aspect of the case." And entered judgment for defendant, which is the subject of complaint in this case.

*Hepburn* and *M'Intyre,* for plaintiffs in error, referred to *Willis* v. *Beecher,* 2 Bin. 464; *Dewitt* v. *Eldred,* 4 W. & S. 422; *Reeves* v. *Bergner,* 4 Ves. Jr. 698. The uncontradicted facts of this case are: that, at the making of this will by Frederick Rider, in 1809, and when it was proved in 1811, Rosena Fleurie was a widow, and so remained until she died, in 1854. At her death she left four children, all of whom were living, when this will was made. Were these children meant as a class, who should have this property "for their own use," or did the testator intend by the terms employed, that *one* as heir in tail should have it, to the exclusion of the others?' We think he intended all her children to take at her death, and that, to give effect to all the words used in this will, no other construction can be put upon it. The words "heirs of the body," are doubtless *primâ facie* words of limitation, but they may be and frequently are construed words of purchase, when the intent is so

[Bender et al. *v.* Fleurie.]

manifested. That intent has been drawn from the addition of the words "'as tenants in common," " to the heirs of the body," as in *Strong* v. *Goff*, 11 East, 668 : "A devise to my daughter M. and to the heirs of her body begotten, as tenants in common and not as joint tenants—held not to create an *estate tail*, but to entitle all the children of M. to take as purchasers. To the same effect is *Long* v. *Laming*, 2 Burrows, R. 1100, 1111; *Findlay* v. *Riddle*, 3 Bin. 139-141; *Nebinger* v. *Upp*, 13 S. & R. 65-71; *Johnson* v. *Currie*, 10 Barr, 503; *George* v. *Morgan*, 4 H. 95; *Hileman* v. *Bouslaugh*, 1 H. 344; *Goodwright* v. *White*, 2 Bl. R. 100 ; *Long* v. *Beaumont*, 1 P. Wms. 229; *Bagshaw* v. *Spencer*, 1 Ves. Sen. 142.

*Junkin, Gantt* and *Miller*, for defendant in error.—This case is free from difficulty, when tested by the well-settled principles of law.

The first inquiry is, how do plaintiffs claim ? They answer the question by proving in court, that they are the *heirs* of a deceased daughter of Rosena Fleurie ; and they claim in the *character of heirs* through their mother, because she was the daughter of Rosena, and not as devisees, for they are not named in the will of Frederick Rider. Hence, claiming in the *character of heirs*, they must take *in the quality* of heirs. All efforts of the plaintiffs to change the qualification, while they admit the character of heirs by saying, that they shall take as purchasers, or otherwise, are fruitless and of no avail. *Jones* v. *Morgan*, 4 Kent, 226.

What was testator's design ? Surely, his paramount intention was to create an estate of inheritance, which was capable of transmission from generation to generation—one to be inherited by the heirs of the body of Rosena. A minor purpose may have been to vest an estate in Rosena as her own during life, but if a life estate alone is limited to her, then no inheritance existed, which could reach the children, because her estate would have no inheritable qualities. ` The law, then, in order to carry out the paramount purpose of the testator, vests a fee tail in the ancestor, and thereby preserves the inheritance for the issue of her body—it overrules the minor intention of testator, in order to give effect to his leading purpose, without which that purpose would be defeated. In *George* v. *Morgan*, 4 Har. 95, Bell, J., says, "The rule in *Shelly's case* is a settled rule of property in Pennsylvania ; and in deciding whether a devise is within the rule, no influence is to be conceded to any supposed prohibition of the rule by the testator, or to the defect of a particular intention. The *leading* inquiry is, what is the great object of the devisor ? But where the form of the disposition is constituted of terms of art, to which an ascertained meaning

has been *fixed* by decision, the construction settled, is binding in courts." *James' Claim*, 1 Dall. 47 ; *Evans* v. *Davis*, 1 Y. 332 ; *Carter* v. *M'Michael*, 10 S. & R. 429 ; *Paxton* v. *Lefferts*, 3 R. 59 ; *Weidman* v. *Marsh*, 4 Har. 512 ; *King* v. *Melling*, 3 Keb. 100 ; Fearne on Remainders, 143, 145, 146, 147 ; 4 Kent, 218.

If *procreandis* or *quos procreaverit* be used instead of *procreatis*, yet the estate tail is good ; and as *procreatis* shall extend to the issue begotten afterwards, so *procreandis* to the issue begotten before. Co. Litt. 20 b ; 10 Vin. Ab. 257. A. by a marriage settlement, after the limitations to his sons in tail-male, limited the remainder to B., his brother, for life, and after his decease, to the heirs male of his body *hereafter to be begotten.* Lord Chancellor held, that B. took an estate in tail, and that the words *hereafter to be begotten* do not confine it to the issue born after, (Co. Litt. 20, 24, E. 3, 15,) and this he said, was to *prevent the great confusion which would otherwise be in descents, by letting in the younger before the elder, &c.* 10 Vin. Ab. 258 ; *Hunter's Appeal*, 6 Barr, 106.

The opinion of the court was delivered July 16, 1856, by

BLACK, J.—Testator gave his daughter the land in dispute, and added, "she shall have it as her own during her life, and then it is to come to the heirs of her body for their own use." What estate did the devisee take? An estate tail most assuredly, if we apply the rule in *Shelly's case* to the construction of the will. That rule is part of the law, and we must apply it, unless some specific reason can be given for doing otherwise. This is a devise of a freehold for the life of the first taker, with a limitation in the same will of the remainder to the heirs of her body. It comes precisely within the rule.

But it is said, the testator did not mean to give her an estate tail. Perhaps he did not. But he has used words which in law mean nothing else. If he intended to give but a life estate *voluit non dixit*, we must take what he said, not what he meant. The reasons for not regarding the supposed intention, when it differs from the legal construction of the instrument which creates the estate, are given at length in *Auman* v. *Auman*, 9 Harris, 343.

It is true, that wills are construed more liberally than deeds. The intent of the testator, where it is manifest from the whole instrument, will not be defeated for want of technical words, and terms of art are sometimes allowed to have a meaning different from their strict legal sense. But no court in this State or in England, has ever treated the phrase "heirs of her body," as words of purchase, when they are used with reference to the issue of a devisee, to whom a life estate is given. They are

[Baltimore and Susquehanna R. R. Co. *v.* Musselman.]

words of limitation, and as such they create an estate tail in the first taker, which cannot be cut down even by the clearest expressions of a desire, that it shall be a life estate only.

Judgment affirmed.